Slip Op. 20-136

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRANSPACIFIC STEEL LLC, <br><br> Plaintiff, <br><br> and <br><br> BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş. ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES ET AL., <br><br> Defendants. | Before: Claire R. Kelly, Gary S. Katzmann, and Jane A. Restani, Judges <br><br> Court No. 19-00009 |

## MEMORANDUM AND ORDER

[Denying Defendants' motion to stay enforcement of the court's judgment.  Denying Plaintiff and Plaintiff-Intervenors' motion to enforce the court's judgment.]

Dated: September 15, 2020

Matthew M. Nolan, Nancy A. Noonan, Russell A. Semmel, Diana Dimitriuc-Quaia, Jason Rotstein, Leah Scarpelli, and Aman Kakar, Arent Fox LLP, of Washington, DC, for plaintiff Transpacific Steel LLC.

Julie C. Mendoza, Brady W. Mills, Donald B. Cameron, Edward J. Thomas, Mary S. Hodgins, and Rudi W. Planert, Morris, Manning, & Martin, LLP, of Washington, DC, for plaintiff-intervenor Borusan Mannesmann Boru Sanayi ve Ticaret A.S., et. al.

Lewis E. Leibowitz, The Law Office of Lewis E. Leibowitz, of Washington, DC, for plaintiff-intervenor The Jordan International Company.

Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, and Meen Geu Oh, Trial Attorney,

Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendants. Also on the briefs were Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, Ethan P. Davis, Acting Assistant Attorney General, Jeffrey Bossert Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Aimee Lee, Assistant Director.

Kelly, Judge: Defendants move for a stay of enforcement of the court's judgment in Transpacific Steel LLC v. United States pending appeal to the Court of Appeals for the Federal Circuit ("Court of Appeals"). See Mot. for a Stay of Enforcement Pending Appeal, Aug. 13, 2020, ECF No. 68 ("Defs.' Mot."); Transpacific Steel LLC v. United States, 44 CIT __, Slip Op. 20-98 (July 14, 2020) ("Transpacific II"); Notice of Appeal, Aug. 13, 2020, ECF No. 67 ("Notice of Appeal"); see also Judgment, July 14, 2020, ECF No. 66 ("Judgment"). Plaintiff Transpacific Steel LLC ("Transpacific"), as well as Plaintiff-Intervenors Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. ("BMB"), Borusan Mannesmann Pipe U.S. Inc. ("BMP"), and The Jordan International Company ("Jordan") (collectively, "Plaintiffs") oppose, and, contingent upon the court's denial of Defendants' motion, move for enforcement of the court's judgment. See Pl. [Transpacific] & Pl.-Intervenors [BMB] et al.'s Resp. [Defs.' Mot.] Aug. 19, 2020, ECF No. 71 ("Pls.' Resp. Br.");[1] [Pls.'] Mot. to Order Defs.'

---

[1] On August 20, 2020, the court granted Plaintiffs' consent motion for errata, and deemed the following corrections made to Pls.' Resp. Br. without physical substitution:

1. Page 12, line 9 – to replace "orders on standard pipe, oil country tubular goods, and rebar," with "orders on standard pipe and oil country tubular goods,[4]", including the footnote therein, which reads: "As noted in BMB's and BMP's complaint, Section 232 duties paid in excess of 25 percent duties equal over $15 million dollars. *See* BMB & BMP Compl. ¶ 5."

(footnote continued)

to Provide Status Report & Timeline on Refund of Unlawfully Collected Section 232 Tariffs, Aug. 21, 2020, ECF No. 74 ("Pls.' Mot. for Status Report & Timeline"). Plaintiffs specifically request that the court order Defendants to provide a status report and timeline on the refund of unlawfully collected Section 232 tariffs. See generally Pls.' Mot. for Status Report & Timeline at 3. For the following reasons, the court denies Defendants' motion to stay enforcement of the court's judgment pending appeal of Transpacific II to the Court of Appeals and denies Plaintiffs' motion to enforce judgment. However, the court sua sponte enjoins liquidation of all subject entries pending final and conclusive disposition of Transpacific II, including all appeals.

## BACKGROUND

The court presumes familiarity with the facts of this case, as set out in its recent opinion, see Transpacific II, 44 CIT at __, Slip Op. 20-98 at 3–5, and now recounts the facts relevant to the disposition of Defendants' motion. On January 21, 2020, Plaintiffs jointly moved for judgment on the agency record to challenge the lawfulness of Proclamation 9772, which imposed additional duties on certain steel imports from Turkey. See Pl. [Transpacific] & Pl.-Intervenors [BMB], et al.'s 56.1 Mot. J. Agency R., Jan. 21, 2020, ECF No. 51; see also Proclamation 9772 of August 10, 2018, 83 Fed. Reg. 40,429 (Aug. 15, 2018) ("Proclamation 9772"). On July 14, 2020, the court granted Plaintiffs' motion, holding that, in issuing Proclamation

---

2. Subsequent footnotes to be re-numbered accordingly.

Order, Aug. 20, 2020, ECF No. 73.

9772, the President exceeded his statutory authority and violated Plaintiffs' Fifth Amendment guarantees. See Transpacific II, 44 CIT at __, Slip Op. 20-98 at 6–22. The court thus granted Plaintiffs' requested relief and instructed U.S. Customs and Border Protection to issue to Plaintiffs a refund of the difference between any tariffs collected on imports of steel articles pursuant Proclamation 9772 and the 25 percent ad valorem tariff that would otherwise apply. See generally Judgment; see also [Transpacific's] Am. Compl. at Prayer for Relief, Apr. 2, 2020, ECF No. 19; [Pl.-Intervenors BMB & BMP's] Compl. at Prayer for Relief, Dec. 9, 2019, ECF No. 35-1; [Pl.-Intervenor Jordan's] Consent Mot. Intervene, Attached Compl. at Prayer for Relief, Dec. 13, 2019, ECF No. 45.

On August 13, 2020, Defendants filed a notice of appeal of Transpacific II to the Court of Appeals. See generally Notice of Appeal. Shortly thereafter, Defendants moved to stay enforcement of the court's judgment pending appeal. See generally Defs.' Mot. On August 20, 2020, Plaintiffs submitted their response in opposition to Defendants' motion, and the following day, filed a motion to enforce judgment, requesting that the court, upon denial of Defendants' motion, order Defendants to provide a status report and timeline for the government's refund of unlawfully collected additional tariffs.[2] See generally Pls.' Resp. Br.; Pls.' Mot. for Status Report & Timeline.

---

[2] Specifically, Plaintiffs request the court instruct the government to:

[E]xplain the refund process in detail and refund collected Section 232

(footnote continued)

**JURISDICTION AND STANDARD OF REVIEW**

The court has jurisdiction under 28 U.S.C. § 1581(i)(2) and (4). Although U.S. Court of International Trade ("USCIT") Rule 62 recognizes this court's discretion to stay the enforcement of a judgment pending an appeal, a stay is an "intrusion into the ordinary processes of administration and judicial review" and is therefore "not a matter of right." See Nken v. Holder, 556 U.S. 418, 427 (Fed. Cir. 2009) ("Nken") (citations omitted). Additionally, the court has inherent authority to enforce its own judgments. See B.F. Goodrich Co. v. United States, 18 CIT 35, 36, 843 F. Supp. 713, 714 (1994). This authority includes the "power to determine the effect of its judgments and issue injunctions to protect against attempts to attack or evade those judgments." United States v. Hanover Ins. Co., 82 F.3d 1052, 1054 (Fed. Cir. 1996).

**DISCUSSION**

**I.     Motion to Stay**

When deciding whether to grant a stay, the court considers "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

---

tariffs together with such costs and interest as provided by law expeditiously and provide the Court with the steps it is taking to effectuate the Court's judgment via a status report and timeline for refunds to be filed within one week of the Court's decision on Defendants' motion for a stay. . .[and] to provide the Court with a status report every two weeks after the filing of the first status report along with a final status report once all unlawfully collected tariffs are refunded.

Pls.' Mot. for Status Report & Timeline at 3.

proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The first two considerations "are the most critical," and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion. See Nken, 556 U.S. at 433–35 (Fed. Cir. 2009) (citations omitted).

Defendants fail to persuade that they are likely to succeed on the merits. In order for Defendants to prevail, the Court of Appeals would have to overrule both the statutory and the constitutional holdings that the President's imposition of additional tariffs on certain steel articles from Turkey is unlawful. Defendants claim that the Court of Appeals might disagree with the court's reasoning, see Defs.' Mot. at 20–26, but point to no intervening authority or evidence that would raise substantial questions as to the propriety of any of the court's holdings.

Additionally, the balance of harms does not weigh in favor of granting a stay. Defendants speculate about Plaintiffs' solvency and ability to pay back the refunded duties should the government win on appeal; yet, Defendants acknowledge that they are "unaware of any specific financial circumstances of any of the [Plaintiffs.]" See Defs.' Mot. at 17. As such, Defendants' claim that they are likely to be irreparably harmed lacks merit.[3] On the other hand, issuing a stay will likely injure Plaintiffs.

---

[3] For the same reasons, Defendants' appeal to the public interest is not persuasive. Moreover, Defendants' argument that denying the stay would undermine the rationale behind the Section 232 not only ignores the court's holding that the 50 percent tariffs are unlawful, but also that the tariffs have since been rescinded. See Defs.' Mot. at 27–28.

By staying the refund of unlawfully paid duties, Plaintiffs would suffer the continued denial of access to a substantial amount of capital.

Defendants' express a concern that the unliquidated entries may liquidate before the Court of Appeals renders its decision. See Defs.' Mot. at 16 n.4 ("Without a stay . . . most, if not all, entries [may liquidate] and become final . . . [and] the recoupment of refunds would require a court order to reliquidate, issue bills, and potentially institute collection actions for unpaid bills if we were to prevail on appeal."). However, liquidation is already suspended for many of the entries due to ongoing antidumping and countervailing duty proceedings. See id.; see also Pls.' Resp. Br. at 11–12. Nonetheless, to alleviate Defendants' concern that the unliquidated entries may liquidate before the Court of Appeals renders its decision, see Defs.' Mot. at 16 n.4, the court will sua sponte order the suspension of liquidation of any unliquidated entries of subject merchandise pending final and conclusive disposition of Transpacific II, including all appeals.

Finally, contrary to Defendants' position, USCIT Rule 62 subsections (d) and (e) do not provide the government an automatic stay of enforcement of the judgment pending appeal. USCIT Rule 62(d) states that an appellant "may obtain a stay by supersedeas bond," and Rule 62(e) states that the court "must not require a bond, obligation, or other security, from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies[.]" The former allows an appellant

to obtain a stay of enforcement,[4] and the latter prohibits the court from imposing an obligation on the appellant when granting a stay pending appeal by the government. See USCIT Rule 62 (d), (e). The two provisions on their face do not trigger an automatic stay pending appeal where the appellant is the government, and Defendants do not cite any authority to support their position. See Defs.' Mot. at 14–15, but see Nken, 556 U.S. at 433–35 (explaining that a stay is an intrusion into the judicial and administrative process and is therefore not a matter of right).[5] Thus, Defendants' motion for a stay of enforcement of the court's judgment is denied.

## II.　Motion to Enforce Judgment

In moving for enforcement of the court's judgment, Plaintiffs essentially urge that the court supervise Defendants' refund process. See Pls.' Mot. for Status Report & Timeline at 1–3. The court grants motions to enforce a judgment "when a prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the

---

[4] Defendants appeal to cases interpreting the former Federal Rules of Civil Procedure 62(d) are inapposite. See Defs.' Mot. at 13–15 (citations omitted). Whatever practice courts have adopted with respect to motions to stay enforcement of money judgment where the appellant posts a supersedeas bond, Defendants again cite no authority supporting the contention that the government is entitled to a stay as a matter of right by combined operation of Rules 62(d) and 62(e).

[5] Defendants' cite dicta from American Grape Growers Alliance for Fair Trade as support for the proposition that the rights of Plaintiffs to the granted judgment may be adequately secured by the inherent and presumed creditworthiness of the government, see Defs.' Mot. at 14–15 (citing American Grape Growers Alliance for Fair Trade v. United States 9 CIT 505, 506 (1985) ("American Grape Growers")), but whether or not such considerations weigh in favor of granting a stay, Defendants overlook American Grape Grower's holding that the wording of USCIT Rule 62(d) itself affords discretion to decide whether to grant a stay. See American Grape Growers, 9 CIT at 506.

judgment." GPX Int'l Tire Corp. v. United States, 39 CIT ___, ___, 70 F. Supp. 3d 1266, 1272 (2015) (quoting Heartland Hosp. v. Thompson, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).  Plaintiffs fail to so demonstrate.  Indeed, as Plaintiffs acknowledge, the court's judgment does not provide a deadline for compliance, and Plaintiffs do not provide any reason to doubt that Defendants will promptly comply with the court's judgment should they fail to obtain a stay of enforcement from the Court of Appeals.  See generally Judgment; see also Pls.' Mot. for Status Report & Timeline at 3; Defs.' Resp. to [Pls.' Mot. for Status Report & Timeline] at 2, Sept. 9, 2020, ECF No. 76 ("[S]hould the Court deny our motion, we would likely seek a stay in the appellate court[.]") ("Defs.' Resp. Br.").  Further, Defendants note that they have already taken steps to implement the court's judgment, see Defs.' Resp Br. at 5, and there is no indication that supervising Defendants' compliance would expedite the refund process.  Accordingly, Plaintiffs' motion to enforce the judgment is denied.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' motion is denied; and it is further

**ORDERED** that Plaintiffs' motion is denied; and it is further

**ORDERED** that Defendant, United States, together with its delegates, officers, agents, and servants, including employees of the U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any of Plaintiffs' entries subject to the unlawful

50 percent tariffs imposed on steel articles from Turkey pursuant to Proclamation No. 9772.

/s/ Claire R. Kelly  
Claire R. Kelly, Judge

/s/ Gary S. Katzmann  
Gary S. Katzmann, Judge

/s/ Jane A. Restani  
Jane A. Restani, Judge

Dated:   September 15, 2020
         New York, New York