Slip Op. 20-177

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TRANSPACIFIC STEEL LLC,** | |
| Plaintiff, | |
| and | |
| **BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş. ET AL.,** | Before: Claire R. Kelly, Gary S. Katzmann, and Jane A. Restani, Judges |
| Plaintiff-Intervenors, | Court No. 19-00009 |
| v. | |
| **UNITED STATES ET AL.,** | |
| Defendants. | |

## OPINION AND ORDER

[ Denying, without prejudice, Plaintiff and Plaintiff-Intervenor's motion to enforce the judgment. ]

Dated: December 9, 2020

Matthew M. Nolan, Nancy A. Noonan, Diana Dimitriuc Quaia, Jason Rotstein, Russell A. Semmel, Leah Scarpelli, and Aman Kakar, Arent Fox LLP, of Washington, DC, for plaintiff Transpacific Steel LLC.

Julie C. Mendoza, Donald B. Cameron, R. Will Planert, Brady W. Mills, Mary S. Hodgins, Edward J. Thomas, Morris, Manning, & Martin, LLP, of Washington, DC, for plaintiff-intervenor Borusan Mannesmann Boru Sanayi ve Ticaret A.S. et al.

Lewis E. Leibowitz, The Law Office of Lewis E. Leibowitz, of Washington, DC, for plaintiff-intervenor The Jordan International Company.

Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC.  Also on the brief were Stephen C.

Court No. 19-00009 Page 2

Tosini and Meen Geu Oh, Senior Trial Counsel, Jeffrey Bossert Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Aimee Lee, Assistant Director.

    Kelly, Judge:  Plaintiff Transpacific Steel LLC ("Transpacific"), as well as Plaintiff-Intervenors Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. ("BMB"), Borusan Mannesmann Pipe U.S. Inc. ("BMP"), and The Jordan International Company ("Jordan") (collectively, "Plaintiffs") move, for the second time, to enforce the court's judgment pending appeal to the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals").  See [Pls.'] Renewed Mot. to Enforce Judgment, Nov. 4, 2020, ECF No. 78; see also Pl. [Transpacific] & Pl.-Intervenors [BMB] et al.'s Resp. Defs.' Mot. for a Stay of Enforcement of Judgment Pending Appeal, Aug. 19, 2020, ECF No. 71 ("Pls.' Resp. Br."); [Pls.'] Mot. to Order Defs.' to Provide Status Report & Timeline on Refund of Unlawfully Collected Section 232 Tariffs, Aug. 21, 2020, ECF No. 74 ("Pls.' Mot. for Status Report & Timeline"); Transpacific Steel LLC v. United States, 44 CIT __, Slip Op. 20-98 (July 14, 2020) ("Transpacific II"); Notice of Appeal, Aug. 13, 2020, ECF No. 67 ("Notice of Appeal"); Judgment, July 14, 2020, ECF No. 66 ("Judgment").  For the following reasons, the court denies Plaintiffs' motion to enforce the judgment pending appeal of Transpacific II to the Court of Appeals without prejudice.

## BACKGROUND

    The court presumes familiarity with the facts of this case, as set out in Transpacific II, 44 CIT at __, Slip Op. 20-98 at 3–5, as well as Transpacific Steel LLC

v. United States, 44 CIT __, __, Slip Op. 20-136 at 2–4 (Sept. 14, 2020) ("Transpacific III"), and now recounts the facts relevant to the disposition of Plaintiffs' motion.  On January 21, 2020, Plaintiffs jointly moved for judgment on the agency record to challenge the lawfulness of Proclamation 9772, which imposed additional duties on certain steel imports from Turkey.  See Pl. [Transpacific] & Pl.-Intervenors [BMB] et al.'s 56.1 Mot. J. Agency R., Jan. 21, 2020, ECF No. 51; see also Proclamation 9772 of August 10, 2018, 83 Fed. Reg. 40,429 (Aug. 15, 2018) ("Proclamation 9772").  On July 14, 2020, the court granted Plaintiffs' motion, holding that, in issuing Proclamation 9772, the President exceeded his statutory authority and violated Plaintiffs' Fifth Amendment guarantees.  See Transpacific II, 44 CIT at __, Slip Op. 20-98 at 6–22.  The court thus granted Plaintiffs' requested relief and instructed U.S. Customs and Border Protection to issue Plaintiff and Plaintiff-Intervenors a refund of the difference between any tariffs collected on imports of steel articles pursuant to Proclamation 9772 and the 25 percent ad valorem tariff that would otherwise apply.  See generally Judgment; see also [Pl.'s] Am. Compl. at Prayer for Relief, Apr. 2, 2019, ECF No. 19; [Pl.-Intervenors BMB & BMP's] Compl. at Prayer for Relief, Dec. 9, 2019, ECF No. 35-1; [Pl.-Intervenor Jordan's] Consent Mot. Intervene, Attached Compl. at Prayer for Relief, Dec. 13, 2019, ECF No. 45.

On August 13, 2020, Defendants filed a notice of appeal of Transpacific II to the Court of Appeals.  See generally Notice of Appeal.  Shortly thereafter, Defendants moved to stay enforcement of the court's judgment pending appeal.  See generally

Court No. 19-00009 Page 4

[Defs.'] Mot to. Stay, Aug. 13, 2020, ECF No. 68 ("Defs.' Mot").  On August 19, 2020, Plaintiffs submitted their response in opposition to Defendants' motion, and the following day, filed a motion to enforce the judgment, requesting that the court, upon denial of Defendants' motion, order Defendants to provide a status report and timeline for the government's refund of unlawfully collected additional tariffs.[1]  See generally Pls.' Resp. Br.; Pls.' Mot. for Status Report & Timeline.  Although the court sua sponte ordered the suspension of liquidation for any unliquidated entries, the court denied the Defendants' motion to stay.  See Transpacific III, 44 CIT at __, Slip Op. 20-136 at 3.  The court also denied the Plaintiffs' motion to enforce the judgment explaining that "the court's judgment does not provide a deadline for compliance, and Plaintiffs do not provide any reason to doubt that Defendants will promptly comply with the court's judgment should they fail to obtain a stay of enforcement from the Court of Appeals."  Id. at 9.

---

[1] Specifically, Plaintiffs request the court to instruct the government to:

> [E]xplain the refund process in detail and refund collected Section 232 tariffs together with such costs and interest as provided by law expeditiously and provide the Court with the steps it is taking to effectuate the Court's judgment via a status report and timeline for refunds to be filed within one week of the Court's decision on Defendants' motion for a stay. . .[and] to provide the Court with a status report every two weeks after the filing of the first status report along with a final status report once all unlawfully collected tariffs are refunded.

Pls.' Mot. for Status Report & Timeline at 3.

Court No. 19-00009 Page 5

On September 25, 2020, Defendants moved for an emergency stay of the injunction pending appeal at the Court of Appeals. See Def.-App. [United States'] Mot. to Stay, [Ct. Appeals] Docket No. 20-2157 (Fed. Cir. Sept. 25, 2020), ECF No. 18. Briefing on the motion for an emergency stay concluded on October 8, 2020, see Def-App. [United States'] Reply Supp. Mot. to Stay, [Ct. Appeals] Docket No. 20-2157 (Fed. Cir. Sept. Oct. 8, 2020), ECF No. 24, and the opening brief in the appeal was filed on October 30, 2020. See Br. of Def.-App. [United States], [Ct. Appeals] Docket No. 20-2157 (Fed. Cir. Sept. Oct. 30, 2020), ECF No. 27.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction under 28 U.S.C. § 1581(i)(2) and (4) (2018). The court has inherent authority to enforce its own judgments. See B.F. Goodrich Co. v. United States, 18 CIT 35, 36, 843 F. Supp. 713, 714 (1994). This authority includes the "power to determine the effect of its judgments and issue injunctions to protect against attempts to attack or evade those judgments." United States v. Hanover Ins. Co., 82 F.3d 1052, 1054 (Fed. Cir. 1996).

## DISCUSSION

The court grants motions to enforce a judgment "when a prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment." GPX Int'l Tire Corp. v. United States, 39 CIT __, __, 70 F. Supp. 3d 1266, 1272 (2015) (quoting Heartland Hosp. v. Thompson, 328 F. Supp. 2d 8, 11 (D.C. Cir. 2004)).

Court No. 19-00009                                                                                                    Page 6

As a threshold matter Defendants urge the court to "stay its hand," i.e., refrain from considering the Plaintiffs' motion in light of the pending appeal. See Defs.' Resp. to Renewed Mot. to Enforce at 3–4, Nov. 23, 2020, ECF No. 79 ("Defs.' Resp. to Renewed Mot."). Defendants' suggestion misinterprets the effect of an appeal on the court's continuing jurisdiction over its judgment, as well as the court's prior order. An appeal divests the court of jurisdiction over "those aspects of the case involved in the appeal," see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), but not necessarily over all matters. See, e.g., Invenergy Renewables LLC v. United States, 44 CIT __, __, Slip Op. 20-144 at 12–45 (Oct. 15, 2020) (finding that U.S. Court of International Trade ("USCIT") Rule 62.1 did not allow the court to reconsider a renewed motion that was already before the Court of Appeals, but that it did allow the court to modify a preliminary injunction, partially grant a motion to complete the administrative record and deny a motion to stay the proceedings). The status of the court's judgment is distinct from the issues on appeal. USCIT Rule 62(a) provides for a 30-day automatic stay of a judgment. See USCIT R. 62(a). Consequently, after 30 days there is an enforceable judgment of this Court. Defendants must promptly comply with that judgment. See Transpacific III, 44 CIT at __, Slip Op. 20-136 at 8–9. If this court were to "stay its hand" as Defendants suggest, Defendants would obtain another automatic stay in a case where the law does not provide for one simply by asking for a stay from the Court of Appeals.

Further, the court's order discussed the Defendants' prompt compliance with the judgment should it fail to obtain a stay. See Transpacific III, 44 CIT at __, Slip Op. 20-136 at 9. Defendants have failed, at least for now, to obtain a stay. The court expects that Defendants will comply with the judgment promptly, i.e., within a reasonable period of time under the circumstances.

Nonetheless, Plaintiffs have not demonstrated that the Defendants at this time have not, under the circumstances, promptly complied with the judgment. The court in its prior opinion noted that the Defendants might seek to stay the judgment at the Court of Appeals. See Transpacific III, 44 CIT at __, Slip Op. 20-136 at 9. Pursuing a legal remedy to forestall the immediate consequences of a judgment, alone cannot suffice to demonstrate non-compliance. If it did, then the mere request for a stay would paradoxically create grounds for enforcement. Moreover, prompt compliance allows for some reasonable amount of time to obtain a stay from the Court of Appeals while taking other steps to effectuate the judgment. Waiting some period, here, about two months after briefing the stay before the Court of Appeals, while taking steps to enforce the judgment is reasonable. Defendants, in their response to Plaintiffs' motion, have provided a status report of sorts outlining steps that have been taken to comply with the judgment. Defendants explain that while awaiting a decision from the Court of Appeals the government has sought to ascertain the amount of any refunds owed in the event that the Court of Appeals denies the government's request to stay enforcement of the judgment. See Defs.' Resp. to

Court No. 19-00009 Page 8

Renewed Mot. at 4–5.  Waiting two months while pursuing steps in compliance with this Court's judgment seems reasonable in this case.

Waiting three months, by which time the merits of the appeal will likely be fully briefed before the Court of Appeals, would not seem reasonable in this case.  See Fed. R. App. P. 31(a).  Defendants have sought a stay from the Court of Appeals.  They have not obtained one.  Unless a stay is granted, there is no stay of judgment and Defendants are obligated to effectuate this Court's judgment.  See Nken v. Holder, 556 U.S. 418, 427 (Fed. Cir. 2009) (citations omitted) (explaining that a stay disrupts the ordinary judicial process).  Accordingly, Plaintiffs' motion to enforce the judgment is denied, without prejudice.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' motion to enforce the judgment is denied without prejudice.

 /s/ Claire R. Kelly  
Claire R. Kelly, Judge

 /s/ Gary S. Katzmann  
Gary S. Katzmann, Judge

 /s/ Jane A. Restani  
Jane A. Restani, Judge

Dated:  December 9, 2020  
            New York, New York