October 14, 2021

FILED ELECTRONICALLY VIA CM/ECF

The Honorable Claire R. Kelly
The Honorable Gary S. Katzmann
The Honorable Jane A. Restani
United States Court of International
Trade  One Federal Plaza
New York, NY 10278

Re: *Transpacific Steel LLC v. United States*, Court No. 19-00009

Dear Judge Kelly, Judge Katzmann, and Judge Restani,

On behalf of Plaintiff, Transpacific Steel LLC ("Transpacific"), and Plaintiff-Intervenors Borusan Mannesmann Boru Sanayi ve Ticaret AŞ, Borusan Mannesmann Boru Sanayi ve Ticaret A.S., Borusan Mannesmann Pipe U.S. Inc., and The Jordan International Company (collectively, "Plaintiffs"), we respectfully submit this response to the Court's October 6, 2021 letter asking the parties to "inform the court in writing no later than Thursday, October 14, 2021 if there are any matters which require the court's attention prior to dismissal." ECF 85. The Plaintiffs hereby inform the Court that they intend to file a writ of *certiorari* in November 2021. Should the Supreme Court grant the petition for *certiorari*, and should the Plaintiffs prevail, the case will be remanded to the U.S. Court of Appeals for the Federal Circuit, and possibly to this Court.

On the Court's docket of *Eurodif S.A. et al v. United States*, Ct. No. 02-00219, in which a Writ of *Certiorari* was filed (ECF 233) and granted (ECF 236), it appears that the Court did not dismiss the case until the final resolution of the case after the Supreme Court's decision. *See United States v. Eurodif S. A.*, 555 U.S. 305, 309, 129 S. Ct. 878, 883, 172 L. Ed. 2d 679 (2009) (this was Supreme Court Appeal No. 07-1059 decided together with No. 07-1078, *USEC Inc. et al. v. Eurodif S.A. et al*, which was also on certiorari). Accordingly, it may be appropriate and consistent with the Court's practice in past cases to allow the writ of *certiorari* process to conclude prior to dismissal of this case.

Further, Plaintiffs recognize that the decision of the Court of Appeals for the Federal Circuit requires that the additional Section 232 duties be paid on the relevant imports. Plaintiffs respectfully submit that requiring Plaintiffs to pay the additional 232 duties, which the Supreme Court may ultimately find were unlawful and thus will have to be returned to the Plaintiffs, would not be in the interests of administrative and judicial efficiency. Plaintiffs request that they not be required to pay the additional Section 232 duties until 90 days after either the writ is denied or the final conclusion of the appeal process, including any decision by the Supreme Court.

To the extent an administrative order from the Court is necessary to implement this request, the Plaintiffs ask the Court for such an order.

Respectfully submitted,

| /s/ Matthew M. Nolan | /s/ Julie C. Mendoza | /s/ Lewis E. Leibowitz |
|---|---|---|
| Matthew M. Nolan | Julie C. Mendoza | Lewis E. Leibowitz |
| Nancy A. Noonan | Donald B. Cameron | |
| Diana Dimitriuc Quaia | R. Will Planert | The Law Office of Lewis |
| Leah Scarpelli | Brady W. Mills | E. Leibowitz |
| Aman Kakar | Mary S. Hodgins | 1400 16th Street, NW. |
| | Edward J. Thomas | Suite 350 |
| Arent Fox LLP | | Washington, DC 20036 |
| 1717 K Street, NW | Morris, Manning & Martin, LLP | |
| Washington, DC 20006-5344 | 1401 Eye Street, NW. | *Counsel to The Jordan International Company* |
| 202-857-6013 | Suite 600 | |
| | Washington, DC 20005-2204 | |
| *Counsel to Transpacific Steel LLC* | *Counsel to Borusan Mannesmann Boru Sanayi ve Ticaret A.S., Borusan Mannesmann Pipe U.S. Inc.* | |

3